UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Isaac D. Harris,

    Plaintiff,

    v.

Sgt. Santure, et al.,

    Defendants.
_____/

Case No. 21-cv-13012

U.S. District Court Judge
Gershwin A. Drain

## ORDER TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

**I. Introduction**

On December 13, 2021, Plaintiff Isaac DeCurtis Harris, presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that defendants violated his constitutional rights while he was incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

1

## II. DISCUSSION

In the present case, all the alleged constitutional violations occurred while Plaintiff was incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, located in the United States District Court for the Western District of Michigan. The defendants named in this suit reside in this district.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based

upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor when deciding to transfer venue is that all the "operative facts" in this case took place at the Lakeland Correctional Facility, located in the Western District of Michigan. *See Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The defendants all work at that facility. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In cases where a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20–21 (D.D.C. 2003) (quoting *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir.1974)).

Venue for Plaintiff's lawsuit is not proper in the Eastern District of Michigan, because Plaintiff has failed to allege that any acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan,

3

where Plaintiff alleges that the civil rights violations occurred. This matter will therefore be transferred to that district for further proceedings.

### III. CONCLUSION

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: January 13, 2022    /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager